IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **RONALD ALLEN,**  *Plaintiff,*  v.  **GEORGIA DEPARTMENT OF CORRECTIONS,** *et al.,*  *Defendants.* | **CIVIL ACTION NO. 5:26-cv-00085-TES-ALS** |

### SHOW CAUSE ORDER

In accordance with the Eleventh Circuit's palpably clear guidance in *Jackson v. Bank of Am., N.A.*, Plaintiff Ronald Allen is hereby **ORDERED** to respond and **SHOW CAUSE** why the Court should not strike his Complaint [Doc. 1] as an impermissible shotgun pleading. 898 F.3d 1348, 1356–60 (11th Cir. 2018). In adhering to its "supervisory obligation," the Court offers Plaintiff an opportunity to show cause why his Complaint does not run afoul of federal-court pleading standards. *Hayden v. Wells Fargo Home Mortg.*, No. 1:10-CV-2153-CAP-ECS, 2010 WL 11647492, at *2 (N.D. Ga. Oct 29, 2010) (citation omitted); Fed. R. Civ. P. 8, 10.

Thus far, the Eleventh Circuit has identified four types of "shotgun pleadings." *McDonough v. City of Homestead*, 771 F. App'x 952, 955 (11th Cir. 2019). Such complaints are characterized by:

> (1) multiple counts that each adopt the allegations of all preceding counts; (2) conclusory, vague, and immaterial facts that do not clearly connect to a particular cause of action; (3) failing to separate each cause of action or claim for relief into distinct counts; or (4) combining multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Id.* Of these, "[t]he most common type" of shotgun pleading "by a long shot[,] is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). "[C]ourts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). In fact, tolerating a shotgun pleading is akin to "tolerat[ing] obstruction of justice." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018). Because a district court suffers serious ramifications if it doesn't require a plaintiff to follow the most basic pleading requirements,[1] a district court has a "supervisory obligation" to direct a plaintiff to better plead his complaint in a manner that complies with federal pleadings requirements. *Hayden*, 2010 WL 11647492, at *2; *see Lampkin-Asam*

---

[1] *See, e.g., Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 (11th Cir. 1996) ("Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice."); *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997) ("Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard.")).

*v. Volusia Cnty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008) (discussing shotgun pleadings as complaints that "fail[] to adequately link a cause of action to its factual predicates").

To sum up the Court's concern with Plaintiff's Complaint as drafted, the inherent issue in this type of pleading is that the district court, as well as all named defendants, must "cull through [all factual] allegations, identify the claims, and, as to each claim identified, select the allegations that appear to be germane to the claim." *Ledford v. Peeples*, 657 F.3d 1222, 1239 (11th Cir. 2011); *see also Vibe Micro*, 878 F.3d at 1295. More specifically, in six of Plaintiff's seven counts, Plaintiff "realleges all prior paragraphs." [Doc. 1, ¶¶ 88, 100, 115, 127, 138, 147]. By count six, Plaintiff incorporates all allegations of every preceding claim, including those against different Defendants—if it is clear which Defendants each count is against. Count four, for example, is against "supervisory Defendants." [Doc. 1, ¶ 129]. Even more generally, count one just names "Defendants."[2] [Doc. 1, ¶¶ 88–99]. With 17 Defendants, adhering to pleading requirements is imperative. *Weiland*, 792 F.3d at 1323 (stating that it is impermissible to assert a claim "without specifying which of the defendants are responsible for which acts").

---

[2] But, comparing the allegations in count one to Plaintiff's factual allegations, it does not appear that count one *can* be against all Defendants. *Compare* [Doc. 1, ¶¶ 88–99], *with* [*Id.*, ¶¶ 25–87].

3

The burden to draft a rule-compliant, comprehensible pleading rests solely upon plaintiffs. *Bryant v. Norfolk S. R.R.*, No. 5:20-cv-00225-TES, 2020 WL 5521044, at *5 (M.D. Ga. Sept. 14, 2020). The onus to "sift through facts presented" in an effort to determine which factual allegations apply to which claims should never fall to a defendant or to a district court. *Id.*; *Estate of Bass v. Regions Bank, Inc.*, 947 F.3d 1352, 1385 (11th Cir. 2020) ("It is not the proper function of courts in this Circuit to parse out such incomprehensible allegations, which is why we have stated that a district court that receives a shotgun pleading should strike it and instruct counsel to replead the case—even if the other party does not move the court to strike the pleading.").

While circuit precedent permits the Court to strike Plaintiff's Complaint, the Court, instead **ORDERS** Plaintiff to **SHOW CAUSE** within *14 days* why his Complaint, as drafted, is not akin to the first and fourth types of shotgun pleadings listed in *McDonough*. 771 F. App'x at 955, *supra*.

**SO ORDERED**, this 5th day of March, 2026.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
